Filed 12/16/24  P. v. Licona CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLOS HERNANDEZ LICONA,<br><br>Defendant and Appellant. | C100599<br><br>(Super. Ct. No. 23CF00195) |

Defendant Carlos Hernandez Licona sexually abused the victim about five days a week for a five-year period, starting when the victim was five years old and ending when she was 10.

Defendant was charged with two counts of oral copulation or sexual penetration with a child 10 years old or younger and one count of continuous sexual abuse.

In December 2023, defendant pled guilty to one count of continuous sexual abuse. As part of his plea, defendant waived his right to a jury or court trial regarding aggravating circumstances and agreed the trial court could find aggravating circumstances based on the probation report.  Defendant further agreed the trial court

1

could sentence him to the lower, middle, or upper term. Per the parties' agreement, the trial court dismissed the remaining counts with a *Harvey*[1] waiver.

In January 2024, the trial court took judicial notice of defendant's 1998 felony conviction for violating Health & Safety Code section 11351. Defendant had served a prison term for this conviction and had violated parole.

The probation report recommended imposing the upper term. The prosecution filed a brief similarly arguing for the upper term. The prosecution argued the following aggravating factors existed: (1) the crime involved acts displaying a high degree of cruelty, viciousness, or callousness and (2) the victim was particularly vulnerable given her young age at the time of the crimes. (Cal. Rules of Court, rule 4.421(a)(1), (3).) The prosecution also asked for $250,000 in victim restitution.

During the February 2024 sentencing hearing, defendant asked to be placed on probation, or for the court to impose the lower or middle term. Defendant noted he only had one prior conviction and his Static-99 test showed he was below average risk to reoffend.

The trial court denied probation. The court sentenced defendant to prison for the upper term of 16 years. In aggravation, the court found the victim was particularly vulnerable; the manner in which the crime was committed indicated planning, sophistication, or professionalism; defendant took advantage of a position of trust; defendant had served a prior prison term; and his prior performance on parole was unsatisfactory. (Cal. Rules of Court, rule 4.421(a)(3), (8), (11) & (b)(3), (5).) The court found there were no circumstances in mitigation.

The court also imposed a $300 restitution fine, a corresponding $300 parole revocation fine (suspended unless parole is revoked), a $40 court operations assessment,

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

and a $30 criminal conviction assessment. The court reserved the issue of victim restitution. The court awarded 460 days of custody credit (400 days of actual credit and 60 days of conduct credit).

Defendant appeals and did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:


/s/
RENNER, J.


/s/
FEINBERG, J.

3